UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY E SKARZYNSKI and <br> JOYCE A SKARZYNSKI, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NA SUCCESSOR TRUSTEE <br> TO BANK OF AMERICA NA, ET AL., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 18-30052-MGM <br> * <br> * <br> * <br> * |

MEMORANDUM AND ORDER REGARDING
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(Dkt. No. 8)

May16, 2018

MASTROIANNI, U.S.D.J.

I. INTRODUCTION

Presently before the court is a motion for a preliminary injunction filed by Gary and Joyce Skarzynski ("Plaintiffs") in which they seek to enjoin the foreclosure sale of the real property located at 27 Clark Wright Road in Middlefield, Massachusetts (the "Property"). Plaintiffs filed their five-count complaint, alleging violations of federal and state law in connection with the origination and subsequent modification and assignment of a 2004 loan secured by the mortgage on the Property, on April 4, 2018 in Massachusetts Superior Court, shortly before a foreclosure auction that had been scheduled for April 10, 2018. (State Court Record, Dkt. No. 25 at 5.) Also on April 4, 2018, Plaintiffs filed a motion for preliminary injunction. (*Id.*) A hearing was set for April 9, 2018, but was not held at the request of Defendants, who removed the action to this court that same day. (*Id.*) On April 11, 2018, Plaintiff filed the pending Motion for Preliminary Injunction in this court.

Defendants continued the foreclosure sale until April 24, 2018 and then continued it further after this court scheduled a hearing on the Motion for Preliminary Injunction. The hearing was held on May 9, 2018. While the court is troubled by many of Plaintiffs' allegations, having carefully considered the timing of the underlying conduct, the court is compelled to find Plaintiffs have failed to demonstrate a substantial likelihood of success of the merits of their underlying claims because their allegations relate to actions occurring well outside the statute of limitations period.

## II. BACKGROUND[1]

Plaintiffs obtained a mortgage on the property in 2004. Within a few years, Plaintiffs experienced difficulties with their mortgage servicer, Defendant EMC Mortgage Corp. ("EMC"). These difficulties included failure to properly process payments which lead to additional charges being added to Plaintiffs' mortgage and failures of EMC to properly reduce the interest rate on their mortgage as market interest rates declined, as required under the terms of the mortgage. During 2007, the mortgage was modified. Plaintiffs assert the modification was fraudulent and their signatures on relevant documents were forged.

Around the same time, in September of 2007, the holder of Plaintiff's mortgage filed an action in Massachusetts Land Court, pursuant to the Massachusetts procedure for complying with the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. app. §§ 3901 *et seq.,* as part of an effort to foreclose on the Property. In 2012 the Land Court dismissed the action, finding timing errors and other irregularities in instruments related to the mortgage prevented the plaintiff financial institution from having standing to bring the suit. (Notice of Docket Entry, Dkt. No. 9-1 at 7.) No later than

---

[1] The court summarizes the facts set forth in Plaintiffs' written submissions supplemented by their representations at the hearing held on May 9, 2018.

2010, while the Land Court action was still pending, Plaintiffs stopped making payments on their mortgage. They have not made any payments since, but have continued to live in the Property.

U.S. Bank filed a new action in the Massachusetts Land Court on July 23, 2017. Due to procedural changes, Plaintiffs, who had participated in the previous Land Court action, were unable to participate in the 2017 action. U.S. Bank subsequently notified Plaintiffs in March of 2018 that a foreclosure sale of the Property would take place on April 10, 2018. Plaintiffs responded by filing this action.

### III. DISCUSSION

"To obtain a preliminary injunction, the plaintiffs bear the burden of demonstrating (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003). The court begins by considering Plaintiffs' likelihood of success on the merits as to each claim set out in the Complaint.

Count I – Truth in Lending Act

Plaintiffs' allege all Defendants violated the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.*, by failing to "provide good faith estimates and other required documentation." TILA allows consumers to obtain information about the terms of loans secured by the consumer's principal dwelling. *In re Sheedy*, 801 F.3d 12, 19 (1st Cir. 2015). When a lender does not provide the forms and disclosures required under TILA, a consumer can seek rescission of the loan for up to three years from the date of the transaction or, if earlier, until the property is sold. *Id.*; 15 U.S.C. § 1635(f). Plaintiffs' rights to obtain relief under TILA thus expired in 2007 with respect to the 2004 mortgage

3

and in 2010 with respect to the 2007 modification. As this action was not filed until 2018, Plaintiffs' TILA is clearly time-barred.

Count II – Violation of Massachusetts Law Regarding Forgery

The second claim advanced by Plaintiffs is that Defendant, Town and Country Credit Corp., violated MASS. GEN. LAWS c. 267, § 1 by causing the forgery of the Plaintiffs' notarized signatures on documents executed in connection with the 2007 modification. The law cited by Plaintiffs in their complaint is a criminal statute. Civil litigants cannot prosecute cases under criminal statutes, but they can bring actions in which they allege fraud. *See*, *e.g.*, *Smith v. Jenkins*, 732 F.3d 51, 62 (1st Cir. 2013). However, the statute of limitations requires that actions alleging fraud be brought within "three years next after the cause of action accrues." MASS. GEN. LAWS c. 260, § 2A. "Generally, 'causes of action in tort … accrue … at the time the plaintiff is injured,'" which, in this case, would have been when the modification was executed, meaning any suit would have had to be filed no later than 2010. *Chalifoux v. Chalifoux*, 701 F. App'x 17, 21 (1st Cir. 2017) (quoting *Joseph A. Fortin Const., Inc. v. Mass. Hous. Fin. Agency*, 466 N.E.2d 514, 516 (MA 1984)). The limitations period may be extended, pursuant to the "discovery rule" which operates to toll the limitations period until such time as "a plaintiff knows or reasonably should know that she may have been harmed by a defendant's conduct, even if the harm actually occurred earlier." *RTR Techs., Inc. v. Helming*, 707 F.3d 84, 89 (1st Cir. 2013). However, since Plaintiffs were aware of the alleged forgery by the end of 2010, the limitations period expired well before this case was filed in 2018. (Letter from Chase re: Allegations of Forged Documents, Dkt. No. 9-3 at 6.)

Count III – Massachusetts Consumer Protection Claims

Plaintiffs next assert Defendants violated the Massachusetts consumer protection statute, MASS. GEN. LAWS ch. 93A, § 9 ("93A"), and associated regulations by failing "to make a timely and adequate response" to Plaintiff. Claims brought under 93A are subject to a four-year statute of limitations, which begins to run when "the cause of action accrues." MASS. GEN. LAWS ch. 260, § 5A. Plaintiffs' complaint does not specify the conduct on which their 93A claim is based. During the hearing Plaintiffs did not describe any conduct by any Defendants that occurred after 2012, with the exception of the prosecution of the second action in the Massachusetts Land Court and the notifications regarding the foreclosure sale. In their complaint, Plaintiffs also allege that documents related to assignments of the mortgage were filed during 2017. With respect to the few factual allegations falling within the limitations period, Plaintiffs have not identified a claim which would entitle them to relief, let alone demonstrated a likelihood of prevailing on such a claim.

Relying on the 2012 dismissal of the first Land Court action, Plaintiffs argue the second action was improper. However, the 2012 order of dismissal stated the dismissal was not based on the merits of the case, but rather a preliminary finding that the plaintiff had lacked standing. (Notice of Docket Entry, Dkt. No. 9-1 at 7) A dismissal for lack of standing generally operates without prejudice, meaning a litigant is free to remedy the issue related to standing and then to file suit again. *See e.g.*, *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 728 (1st Cir. 2016). So long as the mortgage continued in force, Defendants were thus free to return to the Land Court as part of a second attempt to foreclose on the property. Plaintiffs are, of course, disappointed that they were not permitted to insert themselves in the Land Court proceeding and argue about the validity of various assignments. However, the current law in Massachusetts is clear that errors or irregularities with respect to assignments of mortgages from one holder to another that cause an assignment to be potentially voidable cannot be challenged by the mortgagor. *See e.g.*, *Wilson v. HSBC Mortg. Services,*

*Inc.*, 744 F.3d 1, 9-10, 13-14 (1st Cir. 2014). As Plaintiffs have not alleged Defendants are acting contrary to orders from the Massachusetts Land Court, the 2017 Land Court action does not provide a basis for an action under § 93A.

Finally, a plaintiff is only able to recover under 93A if they have first sent a 93A demand letter to the party whose acts or practices caused the injury. *Rodi v. Southern New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004), MASS. GEN. LAWS ch. 93A, §§ 9(1), 9(3). As Plaintiffs have not demonstrated that they sent demand letters to Defendants, they cannot currently show a likelihood of success on the merits as to a 93A claim.

Count IV – Quiet Title

Plaintiffs have also asserted a claim for quiet title. Under Massachusetts law, "[a] mortgagor lacks standing to bring a quiet title action as long as the mortgage remains in effect." *Rezende v. Ocwen Loan Servicing, LLC*, 869 F.3d 40, 43 (1st Cir. 2017). The allegations before the court do not suffice to demonstrate that Plaintiffs are likely to succeed at proving there is no mortgage in effect upon the property. In fact, the facts alleged cannot support any path to success. There is no dispute that the original 2004 mortgage was valid. Many years have passed since the origination of the mortgage, the modification, and Plaintiffs' discovery of facts leading them to believe the modification was fraudulent. As discussed above, any claims Plaintiffs may have had based on conduct related to the execution of the original mortgage or the modification that could have voided one or the other have expired. The court, therefore, concludes Plaintiffs cannot demonstrate that they have standing to bring a quiet title action, let alone that they are likely to succeed on the merits.

Count V – Real Estate Settlement Procedures Act

Finally, Plaintiffs assert Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. 2601, et seq. ("RESPA") in connection with the improper disbursement of escrowed funds for homeowners' insurance. Depending on which section of RESPA is violated, claims are subject to a one-year or three-year statute of limitations. *See* 12 U.S.C. § 2614. As the allegedly improper disbursement of escrowed funds occurred prior to 2010, the RESPA claim is clearly time-barred.

IV.   CONCLUSION

As Plaintiffs have not been able to demonstrate a likelihood of success on the merits as to any of the claims set forth in the complaint, Plaintiffs' motion for a preliminary injunction is DENIED.

It is So Ordered.

   /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge